348 So.2d 608 (1977)
Henning HANSEN, Appellant,
v.
CENTRAL ADJUSTMENT BUREAU, INCORPORATED, a Foreign Corporation, Authorized to Do Business in Florida, Appellee.
No. 76-2077.
District Court of Appeal of Florida, Fourth District.
July 1, 1977.
*609 William S. Isenberg, Fort Lauderdale, for appellant.
Alan J. Kerben, Tampa, for appellee.
ALDERMAN, Judge.
Plaintiff appeals an order dismissing with prejudice count two of his amended complaint. We find the complaint to be defective, but hold that plaintiff should be allowed an opportunity to amend.
Summarily stated, the complaint alleges that the defendant mailed to the plaintiff an envelope with a window-type opening, in which, directly above plaintiff's name and address, appeared the word "Debtor"; that this was done with the intent of conveying the meaning that plaintiff was a confirmed and habitual debtor; that the words on the envelope were read by employees of the defendant as well as employees of the postal system, thereby exposing plaintiff to ridicule and distrust.
The applicable statute provides:
In collecting consumer claims, whether or not licensed by the division, no person shall:
.....
(16) Mail any communication to a debtor in an envelope or postcard with words typed, written, or printed on the outside of the envelope or postcard calculated to embarrass the debtor. An example of this would be an envelope addressed to "Deadbeat, John Doe."
Section 559.72, Florida Statutes (1975).
The defendant contended that the word "Debtor," visible on the outside of the envelope addressed to the plaintiff, could in no way be construed to be a word calculated to embarrass the plaintiff. The defendant refers to the example given in the statute, of an envelope addressed to "Deadbeat, John Doe", and argues that there is a manifest difference between the words "Deadbeat" and "Debtor", and that as a matter of law the use of the word "Debtor" in the context of the statute is not actionable.
We disagree; the use of the word "Debtor" may or may not be actionable depending upon the circumstances. For example: the contents of the letter may have been accidently folded so as to inadvertently cause the word to appear in the window of the envelope. On the other hand, the use of the word may have been a calculated attempt by the defendant to embarrass the plaintiff. While the term "Debtor" may have a legal meaning which is without derogatory connotation, for the general public the word is loaded with unpleasant associations and emotional overtones. It connotes one who is overdue in payments, who shirks his obligations, who has overextended his financial resources. The use of the word "Debtor" in the context of the statute may be actionable. The complaint sufficiently alleges that the defendant mailed a communication to the plaintiff with a word visible on the envelope calculated to embarrass the debtor.
If the use of the word "Debtor" were the only consideration, we would say that the trial court erred in dismissing count two; however, the complaint is defective in another respect. The statute begins with the qualification, "In collecting consumer claims ... no person shall ..." There is no allegation that the defendant was collecting consumer claims. Plaintiff does not even allege what was in the envelope, nor what the purpose of the communication was. Plaintiff failed to allege ultimate facts necessary to show that he has a cause of action under Section 559.72(16).
*610 A dismissal with prejudice for failure to state a cause of action should not be ordered without giving the party offering the defective pleading an opportunity to amend, unless it is apparent that the pleading cannot be amended so as to state a cause of action. 10 Fla.Jur., Dismissal § 33, at page 544. In this case plaintiff may be able to state a cause of action under Section 559.72(16) if he is allowed to file an amended count two. We reverse the trial court's order dismissing with prejudice count two of plaintiff's amended complaint, and upon remand the plaintiff shall be allowed to file an amended count two.
REVERSED and REMANDED.
CROSS and DAUKSCH, JJ., concur.