414 So.2d 631 (1982)
Sidney P. HELD, Appellant,
v.
TRAFFORD REALTY COMPANY and Kathleen W. Welsh, Appellees.
Nos. 81-385, 81-627.
District Court of Appeal of Florida, Fifth District.
June 2, 1982.
E.D. Cossaboom, Jr., Indialantic, for appellant.
Jack A. Kirschenbaum of Wolfe, Kirschenbaum, Caruso, Mosley & Kabboord, P.A., Cocoa Beach, for appellee Welsh.
ORFINGER, Judge.
This action was commenced below as an interpleader by a real estate broker who held a disputed deposit, claimed both by the *632 buyer (appellant) and the seller (appellee). The trial court dismissed with prejudice appellant's cross-claim on the ground that it failed to state a cause of action, following which a final judgment was entered in favor of appellee Welsh on her cross-claim. We find that appellant's cross-claim stated a cause of action and reverse.
Both parties filed cross-claims in the interpleader action. The seller claimed that the buyer had breached the sales contract, so that the seller was entitled to claim the deposit. In an amended cross-claim, the buyer claimed that seller, through her agent, the real estate broker, had falsely represented that the real property which was the subject of the sales contract extended to the high-water line of the Atlantic Ocean, and that this land would be conveyed to the purchaser at closing.
Appellant further alleged that such representations were false, were made to induce appellant to enter into the contract, with the intention that appellant rely on these representations, and that appellant did in fact rely upon them, as a result of which he suffered damages. Alternatively, appellant alleged that the representation was an innocent misrepresentation of a material fact which he relied on to his detriment and which would justify rescission.
Appellee moved to dismiss the appellant's cross-claim as not stating a cause of action on several grounds: (a) that the property description showed that the land was platted and the plat showed that the land did not extend to the high water line; (b) that any representations by appellee's real estate agents could not be attributed to appellee; (c) that appellant could have surveyed the property (that right is given in the contract) and thus could have discovered that this was not oceanfront property; (d) that an innocent misrepresentation is not a sufficient ground for rescission. Denying an ore tenus motion to further amend, the court dismissed the cross-claim with prejudice, without specifying the ground upon which the dismissal was based, and final judgment was entered for appellee. We will therefore examine the motion to dismiss to determine if the order can be sustained on any ground.
The essential elements of an action for fraud are a false statement of fact by the defendant, knowledge by the defendant that the statement was false at the time it was made, the fact that the statement was made to induce the plaintiff to act in reliance thereon, actual reliance by the plaintiff on the correctness of the statement, and resulting damage to the plaintiff. American International Land Corp. v. Hanna, 323 So.2d 567 (Fla. 1975). In order to state a cause of action for fraud or misrepresentation, it is necessary to specifically allege ultimate facts which would show each element. Kutner v. Kalish, 173 So.2d 763 (Fla. 3d DCA), cert. denied, 183 So.2d 210 (Fla. 1965). Mere legal conclusions are fatally defective unless they are substantiated by adequate allegations of ultimate facts. Ocala Loan Co. v. Smith, 155 So.2d 711 (Fla. 1st DCA 1963).
Appellant's amended cross-claim alleges each of these elements except the allegation that appellee knew the representations to be false. So, while appellant's pleading is deficient in that regard, it is not so deficient as to be uncorrectable by amendment.
However, on the basis of the same facts, appellant alternatively asserted that the false representation was an innocent misrepresentation of a material fact, and in this regard the amended cross-claim stated a cause of action. Whether made innocently or knowingly, misrepresentation of a material fact acted on by the other party to his detriment is a ground for rescission of a contract. In Langley v. Irons Land & Development Co., 94 Fla. 1010, 114 So. 769 (1927), the Supreme Court held:

Innocent Misrepresentation of Fact. According to the weight of authority, misrepresentation of material facts, although innocently made, if acted on by the other party to his detriment, will constitute a sufficient ground for rescission and cancellation in equity. The real inquiry is not whether the party making the representation *633 knew it to be false, but whether the other party believed it to be true and was misled by it in making the contract; and, whether the misrepresentation is made innocently or knowingly, the effect is the same. It is as conclusive a ground of relief in equity as a willful and false assertion, for it operates as a surprise and imposition on the other party; and in such case the party must be held to his representations.
Id., 114 So. at 771. See also Sutton v. Cast-Crete Corporation of Florida, 197 So.2d 556 (Fla. 2d DCA 1967).
Appellee's argument that the legal description would indicate that the land was not oceanfront property by reference to the recorded plat, and that the same information would have been disclosed to appellant had he secured the survey as he had a right to do, similarly does not eliminate appellant's cause of action. In Besett v. Basnett, 389 So.2d 995 (Fla. 1980), the Supreme Court departed from its earlier ruling in Potakar v. Hurtak, 82 So.2d 502 (Fla. 1955), where it had held that a complaint did not state a cause of action for fraudulent misrepresentation absent an allegation that plaintiff made a diligent effort to investigate the truth of the representations or that he was prevented from doing so. In Besett, the court adopted the view expressed in Upledger v. Vilanor, Inc., 369 So.2d 427 (Fla. 2d DCA 1979), cert. denied, 378 So.2d 350 (Fla. 1979), and the Restatement (Second) of Torts, § 540 (1976)[1] as follows:
Duty to Investigate. The recipient of a fraudulent misrepresentation of fact is justified in relying upon its truth, although he might have ascertained the falsity of the representation had he made an investigation.
389 So.2d at 997.
With regard to the allegations of agency, the objection was not to any insufficiency of representation purportedly made by appellee's real estate agent, but the objection was based on the ground that any such representations could not be attributed to appellee. It is clear that statements made by an agent within the scope and course of his employment may be attributable to the principal, even though the agent may not be specifically directed by the principal to make that statement. Gates v. Utsey, 177 So.2d 486 (Fla. 1st DCA 1965). If, as alleged, appellee's agent, the real estate broker, represented to a potential buyer of the property that the property extended to the oceanfront, it would appear that such portrayal of the property would be within the scope of the agent's authority, just as would any other description of the property made in attempting to induce someone to buy it. This case is only in the pleading stage, and for purposes of the motion to dismiss, all allegations are taken to be true. The allegation is sufficient to charge the statement to appellee.
It thus appears that the amended cross-claim was sufficient to state a cause of action and should not have been dismissed. Certainly, it should not have been dismissed without further leave to amend, because it was not clear that no amendment would permit the statement of a cause of action. Hansen v. Central Adjustment Bureau, Inc., 348 So.2d 608 (Fla. 4th DCA 1977).
The order dismissing appellant's cross-claim with prejudice and the final judgment in favor of appellee are reversed, and the cause is remanded for further proceedings not inconsistent herewith.
REVERSED and REMANDED.
SHARP and COWART, JJ., concur.
NOTES
[1] Neither can it be said, by reference to the pleadings, that the representation was obviously false. Attached to the original complaint as an exhibit, is a copy of the sales contract to which is attached a copy of the aerial map showing the residence in question in relation to the Coastal Construction Set Back Line. The line, which is drawn 50 feet from the line of the mean high water mark of the Atlantic Ocean [sec. 161.052, Fla. Stat. (1979)], runs through the residence of the property involved here, and although no property lines are shown, the map can be considered as support for the allegation that the property was represented to be oceanfront property.