440 So.2d 79 (1983)
Hugh C. LYNCH, Appellant,
v.
W.H. FANNING, Jr., Appellee.
No. AR-13.
District Court of Appeal of Florida, First District.
November 16, 1983.
Siegfried F. Kessler of Smith, Grimsley, Remington, Kessler & Simpson, Fort Walton Beach, for appellant.
Richard H. Powell of Estergren, Fortune, Anchors & Powell, Fort Walton Beach, for appellee.
SHIVERS, Judge.
Lynch appeals the summary judgment granted in favor of Fanning. He contends that the trial court erred in ruling as a matter of law that he had a duty to ensure that he was purchasing the property described in a survey furnished to him by the seller of said property, that is, Fanning. We reverse.
Lynch purchased a tract of property in Okaloosa County from Fanning. Prior to such purchase, Fanning obtained a survey of the property from a registered surveyor. The survey indicated in its legal description that the subject property had 125 feet of water frontage. The lot drawing contained on the survey did not reflect or measure the water frontage. A copy of this survey was furnished to Lynch. Lynch also obtained a print-out of the Multiple Listing Service describing the property as "Lot 20, Cobb's Point" having 125 feet of water frontage. Additionally, Lynch reviewed an undated and unrecorded plat of the property which plat reflected this property as having 125 feet of water frontage. This plat was furnished to Lynch by his real estate agent. Also, Lynch inspected the road frontage of the subject property prior to his purchase, but due to the density of the timber on the *80 property, did not inspect the water frontage.
Lynch submitted a written offer to purchase the subject property which, after amendment, was accepted by Fanning. The contract contained no reference to water frontage, but did give Lynch the right to secure a survey prior to closing. Lynch did not exercise his right to conduct a survey and closed on the transaction about two months after submitting his offer to purchase.
Approximately thirteen months subsequent to closing, Lynch obtained a survey of the property in connection with the construction of a sea wall. This survey indicated that the water frontage of the property was 96 feet, rather than 125 feet. Lynch then instituted an action against Fanning for breach of contract seeking therein damages. Fanning moved for summary judgment. This motion was granted; the court found that as a matter of law Lynch had the duty to ensure that he was purchasing the property described in the legal description furnished to Lynch by the seller, Fanning, and that Lynch chose of his own volition not to take advantage of his contractual right to conduct his own survey. The trial court also found that there was no evidence of fraudulent misrepresentation or concealment by Fanning and that both Fanning and Lynch believed that the subject property consisted of 125 feet of water frontage.
In Held v. Trafford Realty Co., 414 So.2d 631 (Fla. 5th DCA 1982), the Fifth District Court of Appeal stated that an innocent misrepresentation of a material fact acted upon by the other party to a real estate contract, to such party's detriment, is basis for a cause of action. Appellee's argument in Held that the buyer could have discovered the representation to be false, i.e., that the subject property was not ocean front property, by conducting a survey, as the buyer had a contractual right to do, was held not to eliminate the buyer's cause of action. Similarly, we conclude and hold that Lynch's contractual right to secure a survey should not eliminate his cause of action.
Accordingly, the summary judgment is REVERSED and the cause is REMANDED to the trial court to conduct proceedings consistent with this opinion.
REVERSED and REMANDED.
MILLS and ZEHMER, JJ., concur.