534 So.2d 774 (1988)
Carol KAIRALLA, As Personal Representative of the Estate of Ronald Kairalla, Deceased, Appellant,
v.
JOHN D. AND CATHERINE T. MacARTHUR Foundation, a Foreign Corporation, C & F Management, Inc., Miami Elevator Company and Communications by Johnson, Inc., Appellees.
Case No. 87-1618.
District Court of Appeal of Florida, Fourth District.
November 16, 1988.
*775 Kocha & Jones, P.A., and Philip M. Burlington of Edna L. Caruso, P.A., West Palm Beach, for appellant.
Shelley H. Leinicke of Wicker, Smith, Blomqvist, Tutan, O'Hara, McCoy, Graham & Lane, Fort Lauderdale, for appellee  Communications by Johnson, Inc.
GUNTHER, Judge.
The plaintiff appeals the dismissal with prejudice of Count V of her complaint for negligence. We reverse.
The trial court dismissed with prejudice the defendant, Communications By Johnson, Inc. (Johnson), on the basis that Count V of the amended complaint failed to state a cause of action because it lacked sufficient allegations of proximate cause. Although Johnson was named as a defendant in the lawsuit for the first time in Count V of the amended complaint, the plaintiff was never afforded an opportunity to amend that count.
This court has held on numerous occasions that a dismissal with prejudice should not be ordered without giving the plaintiff an opportunity to amend the defective pleading, unless it is apparent that the pleading cannot be amended to state a cause of action. Kern v. Martz, 462 So.2d 867 (Fla. 4th DCA 1985); Delia and Wilson, Inc. v. Wilson, 448 So.2d 621 (Fla. 4th DCA 1984); Hansen v. Central Adjustment Bureau, Inc., 348 So.2d 608 (Fla. 4th DCA 1977).
In the instant case, the trial court concluded that the plaintiff could not remedy the defect in her pleadings by amendment. However, it is not apparent to us that the pleading could not be amended to state a cause of action. In our view, the plaintiff should have at least one opportunity to amend her pleadings to more specifically address the causal connection between the inoperable phones and the decedent's death.
We hold that the trial court erred in dismissing Count V with prejudice without providing the plaintiff at least one opportunity to amend that count. We reverse and remand to the trial court with directions to permit the plaintiff an opportunity to amend her pleadings.
REVERSED AND REMANDED.
LETTS, J., concurs.
GLICKSTEIN, J., concurs specially with opinion.
GLICKSTEIN, Judge, concurring specially.
I agree with the trial court that the initial pleading directed against this defendant did not state a cause of action. The allegations included the following:
25. That the Defendant, COMMUNICATIONS BY JOHNSON, INC., was responsible for maintaining the telephone systems, including the telephones located in the elevators of the main building at The Colonnades Beach Hotel. In the course of maintaining the subject telephones at The Colonnades Beach Hotel, by and through its agents, servants or employees, the Defendant, COMMUNICATIONS BY JOHNSON, INC., owed a duty of reasonable care to individuals situated such as the Plaintiff/Decedent.
26. On or about July 3, 1985, the Plaintiff/Decedent was employed as a general manager of The Colonnades, Inc. that was owned by the Defendant. That on that date there was a power outage on Singer Island, where the Defendant's *776 premises is located. The Plaintiff/Decedent was advised that third parties were trapped in an elevator located in the Defendant's main building on the premises. That in the process of attempting to locate and rescue the trapped persons in the Defendant's elevator, the Plaintiff/Decedent fell down an open elevator shaft, resulting in his death. The Plaintiff/Decedent was unable to verify the existence of persons in the subject elevators, as the telephone system, maintained by COMMUNICATIONS BY JOHNSON, INC., were [sic] inoperable.
27. On or about July 3, 1985, the Defendant, COMMUNICATIONS BY JOHNSON, INC., breached this duty of reasonable care owed to the Plaintiff/Decedent, RONALD KAIRALLA, by negligently and carelessly failing to provide working telephones in the elevators, to give notice to third parties, including the Plaintiff/Decedent, in the event of a malfunction in that elevator. The failure to maintain and repair the telephones located in the elevators created an unreasonable risk to third parties, including the Plaintiff/Decedent, in order to extricate those parties trapped in the elevators.
28. As a direct and proximate result of the negligence of the Defendant, by and through its agents, servants or employees, the Plaintiff/Decedent was killed on July 3, 1985.
I commend to the reader the analysis of Judge Wigginton in Pope v. Pinkerton-Hays Lumber Co., 120 So.2d 227 (Fla. 1st DCA 1960), cert. denied, 127 So.2d 441 (Fla. 1961), upon which the trial court relied as well as that of Judge Hubbart in Tieder v. Little, 502 So.2d 923 (Fla. 3d DCA), rev. denied, 511 So.2d 298 (Fla. 1987). See also Goode v. Walt Disney World Co., 425 So.2d 1151 (Fla. 5th DCA 1982), pet. for rev. denied, 436 So.2d 101 (Fla. 1983).
Whether a cause of action can be stated remains to be seen but if we are to err, it is better to err on the side of caution in giving parties reasonable access to a remedy. That Palsgraf v. Long Island Ry., 248 N.Y. 339, 162 N.E. 99 (1928), to which this court referred at length in Crislip v. Holland, 401 So.2d 1115 (Fla. 4th DCA 1981), was the decision of a divided court reflects that a trial court's or appellate court's determination of proximate cause is not wholly objective.
Discussion of Palsgraf by another divided court can be found in Petition of Kinsman Transit Co., 338 F.2d 708 (2d Cir.1964), cert. denied, Continental Grain Co. v. City of Buffalo, 380 U.S. 944, 85 S.Ct. 1026, 13 L.Ed.2d 963 (1965). Judge Friendly, writing for the majority, refers also to Re Polemis and Furness, Withey & Co., 3 K.B. 560 (C.A. 1921), the doctrine of which reappears in Restatement (Second) of Torts § 435.