Mr. Thomas B. Tart General Counsel Orlando Utilities Commission
QUESTION:
Does s. 559.72(5), F.S., exempt customer delinquency or debtor information held by the utilities commission from the mandatory inspection requirements of Ch. 119, F.S.?
SUMMARY:
The provisions of s. 559.72(5), F.S., do not exempt delinquency or debtor information held by the utilities commission from the mandatory inspection requirements of Ch. 119, F.S.
According to your letter, a newspaper has requested customer records from the commission. You state that the commission has offered to supply the newspaper with the records of all customer accounts except those which are delinquent and the customers have refused to respond to past due notices. The commission is concerned that in light of the provisions of s. 559.72(5) and s.559.77, F.S., the commission may be liable for damages if such information is released.
Section 119.01, F.S., states that "[i]t is the policy of this office that all state, county, and municipal records shall at all times be open for a personal inspection by any person." Pursuant to s. 119.07(1), F.S., every person "who has custody of a public record shall permit the record to be inspected and examined by any person desiring to do so, at any reasonable time, under reasonable conditions, and under supervision by the custodian of the public record or his designee."
Only those records which are provided by law to be confidential or which are prohibited from being inspected by the public, whether by general or special law, are exempt from the disclosure provisions of Ch. 119, F.S.[1] Exemptions, however, from the Public Records Law are to be narrowly construed and limited to their stated purpose.[2]
Moreover, the legislative scheme of Ch. 119, F.S., has preempted local regulation on this subject.[3] An agency under Ch.119, F.S.,[4] such as the Orlando Utilities Commission created by special act of the Legislature,[5] has no discretion to alter the terms of Ch. 119, F.S.
This office has previously stated that records of payments made by individuals to a county for waste collection services are public records subject to inspection and copying absent a statutory exemption.[6] You refer to s. 559.72(5), F.S., as providing a possible exemption from the disclosure provisions of s. 119.07, F.S.
Part V, Ch. 559, F.S., relates to consumer collection practices. Section 559.72, F.S., provides in pertinent part:
In collecting consumer claims, no person shall:
* * *
(5) Disclose to a person other than the debtoror his family information affecting the debtor's reputation, whether or not for credit worthiness, with knowledge or reason to know that the other person does not have a legitimate business need for the information or that the information is false[.][7]
(e.s.)
In considering the constitutionality of s. 559.72, F.S., the Supreme Court of Florida in Harris v. Beneficial Financial Co. of Jacksonville,[8] upheld the statute stating that s.559.72, F.S., is "restricted by its terms to those communications made `in collecting consumer claims.'" There is no evidence that the release of such information is made by the commission "in collecting consumer claims."[9] Rather it appears that the commission would be releasing the information pursuant to a valid public records request under Ch. 119, F.S.
Accordingly, based upon the foregoing analysis, I am of the opinion that s. 559.72(5), F.S., does not exempt delinquency or debtor information held by the utilities commission from the mandatory inspection requirements of Ch. 119, F.S.
RAB/tjw
[1] See, Wait v. Florida Power Light Co.,372 So.2d 420 (Fla. 1979) (only those public records made confidential by statutory law and not those documents which are confidential or privileged only as a result of judicial decision or declaration of public policy are exempt from the disclosure provisions of s.119.07).
[2] See, e.g., Seminole County, Florida v. Wood,512 So.2d 1000 (5 D.C.A. Fla., 1987), pet. for rev. denied,520 So.2d 586 (Fla. 1988). And see, Lorei v. Smith,464 So.2d 1330 (2 D.C.A. Fla., 1985), pet. for rev. denied,475 So.2d 695 (Fla. 1985).
[3] See, e.g., Tribune Company v. Cannella,458 So.2d 1075 (Fla. 1984), appeal dismissed sub nom., DePerte v. Tribune Company, 105 S.Ct. 2315 (1985); AGO 75-50.
[4] See, s. 119.011(2), F.S., defining "Agency" for purposes of the Public Records Act to mean "any state, county, district, authority, or municipal officer, department, division, board, bureau, commission, or other separate unit of government created or established by law and any other public or private agency, person, partnership, corporation, or business entity acting on behalf of any public agency."
[5] See, Ch. 9861, Laws of Florida 1923, as amended, establishing the Orlando Utilities Commission.
[6] Attorney General Opinion 88-57.
[7] And see, s. 559.77, F.S., which provides civil remedies for violations of Part V, Ch. 559, F.S., including actual damages, costs, and punitive damages and such other equitable relief as a court deems appropriate.
[8] 338 So.2d 196, 199 (Fla. 1976), cert. denied,430 U.S. 950 (1977).
[9] Cf., Hansen v. Central Adjustment Bureau, Inc.,348 So.2d 608 (4 D.C.A. Fla., 1977), stating that a complaint that a creditor violated s. 559.72, F.S., was defective in not alleging that the creditor's actions were made in collecting consumer claims.