629 So.2d 1033 (1993)
Brian J. SHEEN and Sheen Investment Management Group, Inc., Appellants/Cross-Appellees,
v.
Dorothy C. JENKINS, Appellee/Cross-Appellant.
No. 92-1530.
District Court of Appeal of Florida, Fourth District.
December 29, 1993.
*1034 Philip M. Burlington, Edna L. Caruso, P.A., and Alfred A. LaSorte, Jr., P.A., West Palm Beach, for appellants, cross-appellees.
Gary R. Jones and Thomas Boyd, Hickey & Jones, P.A., Miami, for appellee, cross-appellant.
HERSEY, Judge.
This appeal and cross-appeal arise from an action seeking recovery for fraud, negligence, and breach of a fiduciary relationship. There are several issues which warrant discussion.
Dorothy C. Jenkins employed Brian J. Sheen as her financial planner and investment advisor in November of 1982. As it turned out, Jenkins made only one investment through Sheen: the purchase of an interest in a tax shelter which turned sour, occasioning the proceedings in the trial court and here.
In Jenkins' suit against Sheen the jury returned a special interrogatory verdict in favor of Sheen on the fraud and fiduciary duty counts. The jury also responded that Jenkins' causes of action arose prior to May 22, 1986, which translates to a holding that the statute of limitations bars the entire action. On the negligence claim the jury found Sheen should be charged with 60% and Jenkins 40% of the total damages of approximately $62,000.00.
The trial court granted Jenkins' motion for judgment in accordance with a previous motion for directed verdict, thereby overruling the finding of the jury on the statute of limitations, and also awarded certain costs and prejudgment interest.
On appeal, appellant, Sheen, asserts that the trial court erred in setting aside the jury's determination that the statute of limitations had expired. Appellee, Jenkins, made her initial investment in Kimberly Associates Limited Partnership in 1982. The financing scheme required that she pay a total of $97,000.00; a small amount the first year and a larger amount in each of the succeeding six years. The tax benefit was a deduction for income tax purposes in each of those years. In addition to the tax benefit, appellee was led to believe that at the end of the investment term the computer parts, the lease of which constituted the business of the partnership, would have considerable residual value which would accrue to the account of the investors. Thus, there were two elements of damage when the partnership failed and the Internal Revenue Service disallowed most of the interim deductions: the tax benefits and return of the investment or part of it. While an allegation concerning cash flow was also made, it is clear that ultimately appellee's claim consisted of these two elements.
Because the investment was spread over six years there never was a possibility that appellee would receive anything from the ultimate disposal of the computer parts until 1988. Therefore, as to this element of loss, there was no evidence to support the jury's finding that appellee knew or should have known of her cause of action prior to May 22, 1986.
The second element of damage, loss of the benefit of the tax deductions, was not finalized until agreement was reached with the IRS and a tax deficiency paid in December 1989. Even if it were assumed that appellee's cause of action ripened earlier than that, the evidence shows that the first notice of disallowance was received in September 1987. Thus, there was again no evidence *1035 to support the jury's finding of the earlier date. We find no error as to this point on appeal.
Appellant next suggests that the trial court erred by excluding evidence that appellee had, at a later date, made investments similar to the one involved in this case. We find that the trial court properly excluded the evidence of appellee's subsequent investments on relevancy grounds, because, even with respect to the claims of justifiable reliance and comparative negligence, and the element of causation as to appellee's damages, the excluded evidence did not have a logical tendency to prove or disprove any fact which was of consequence to the outcome of this action. See § 90.401 Fla. Stat. (1991). The degree of sophistication achieved by appellee subsequent to making the investment in question is simply not instructive or legally relevant to the degree of sophistication she brought to the market place when she dealt with appellant. We affirm on this point as well.
In her cross-appeal, appellee contends that the trial court erred by giving an instruction to the jury that was contrary to Florida law. The trial court gave an instruction on fraud, of which the following is the relevant part:
Four, plaintiff must prove that she justifiably relied and acted upon the misrepresentations. If, in the exercise of reasonable care, for the protection of her own interests, plaintiff could have ascertained the truth of the matter by making a reasonable inquiry or investigation under the circumstances presented, but failed to do so, it cannot be said that they justifiably relied upon such misrepresentations.
(Emphasis supplied.)
At least since Besett v. Basnett, 389 So.2d 995 (Fla. 1980), an instruction such as the one given here is an incorrect statement of the law. The supreme court held, in Besett:
We hold that a recipient may rely on the truth of a representation, even though its falsity could have been ascertained had he made an investigation, unless he knows the representation to be false or its falsity is obvious to him.
While the jury might have found, on the evidence introduced, that appellee was fully aware of the speculative nature of the investment, we cannot say for certain that the jury's verdict was not affected by the erroneous instruction. The jury may have found fraud but refused to permit recovery because of appellee's failure to make an investigation. That being so, it is clear that the erroneous instruction was prejudicial and that a new trial is required.
Appellant's response to that argument is that the two issue rule makes it impossible for appellee to demonstrate prejudice. Appellant's brief explains:
This Court need not reach the issue of the validity of the jury instruction on justifiable reliance on the fraud claim, because of the two issue rule. With respect to fraud, the jury was asked to answer the following question on the verdict form: "Did the Defendant commit fraud which was a legal cause of damage to Dorothy Jenkins?" The jury answered "no" to that question. The two issue rule provides that "where there is no proper objection to the use of a general verdict, reversal is improper where no error is found as to one of two issues submitted to the jury on the basis that the appellant is unable to establish that he has been prejudiced," WHITMAN v. CASTLEWOOD INTERNATIONAL CORP., 383 So.2d 618, 619 (Fla. 1980), quoted in FIRST INTERSTATE DEVELOPMENT v. ABLANEDO, 511 So.2d 536, 538 (Fla. 1987); see also, MASER v. FIORETTI, 498 So.2d 568 (Fla. 5th DCA 1986); JACKSONVILLE RACING ASSOCIATION v. HARRISON, 530 So.2d 1001, 1005 (Fla. 1st DCA 1988).
The verdict in this case asked the jury to determine whether the Defendants had committed fraud, and whether the Plaintiff had suffered damages. The issue of justifiable reliance obviously goes to the issue of damages. This Court has described the elements of fraud as follows, SHERBAN v. RICHARDSON, 445 So.2d 1147, 1148 (Fla. 4th DCA 1984):
(1) a misrepresentation of material fact;

*1036 (2) [a] a knowledge of the representor of the misrepresentation, or
[b] representations made by the representor without knowledge as to either truth of falsity, or
[c] representations made under circumstances in which the representor ought to have known, if he did not know, of the falsity thereof;
(3) an intention that the representor induce another to act on it; and
(4) resulting injury to the party acting in justifiable reliance on the representation. [Emphasis supplied.]
Thus, the jury answered two questions on the first line of the verdict form; first, whether the Defendants had committed fraud. And the second, whether the Plaintiff suffered an injury thereby. The jury instruction at issue does not address the first issue and, since there is no claim of error as to it, the Plaintiff cannot demonstrate prejudice as a result of the jury instruction at issue. For that reason, this Court need not address the merits of Plaintiff's argument on this point.
The fallacy in appellant's argument is in the assertion that the jury instruction "does not address the first issue ..." whether the Defendants (appellant, Sheen, and his company) had committed fraud. As appellant points out, the fourth element of actionable fraud is defined as injury to the party acting in justifiable reliance on a misrepresentation. The jury instruction reflects that element and, more pertinent, tells the jury that one must inquire or investigate before reliance may be said to have been justifiable. Quite clearly, then, the instruction does impinge upon both issues presented by the interrogatory.
Appellee asserts as her second point on cross-appeal that the amount of damages awarded is contrary to the evidence. The damages award is based upon a cause of action for negligence and was reduced because the jury found appellee partially negligent. We do not reach the question of whether the computation is legally or mathematically correct since a retrial will be required in light of our disposition of the fraud issue.
In summary, we affirm the jury verdict for Sheen on the count for breach of fiduciary duty. We also affirm the trial court's determination that the statute of limitations does not bar appellee's claims. The remaining claims and resulting damages are interrelated, and, as to these, we reverse and remand for a new trial.
REVERSED AND REMANDED.
GUNTHER and WARNER, JJ., concur.