JAMES V. CAMARDELLA v. N. COURTRIGHT, an unmarried woman.

171 Sou. 225.
Division B.
Opinion Filed December 16, 1936.

Kunkel & White, for Appellant;
James M. McCaskill, for Appellee.

PER CURIAM.—The appeal here is from a final decree on the merits after testimony was taken and reported by Special Master with his findings of fact.

The final decree adjudicated the approval of report of the Special Master and dismissed the bill of complaint at plaintiff's cost.

The appellant presents in his brief one question, in the following language:

"Where the sole and only inducement for the appellant, vendee, to enter into a written contract to purchase a group of lots from the appellee, vendor, is the representation of the vendor's duly authorized agent that a portion of said lots are in effect, corner lots, and which representations are relied upon by the vendee and believed by him to be true upon entering into said contract, is the vendee entitled to a rescission of said contract and a recovery of the sum paid by him to the vendor at the time said contract was executed, if the vendee subsequently (at the time set for the payment of the balance of the purchase price), ascertains that said representations are false and untrue and that said lots are not, in effect, 'corner lots,' but are 'inside lots'?"

A perusal of the record discloses that a bill of complaint was filed, notice of *lis pendens* was filed; the plaintiff moved to dismiss and filed answer.

The bill sought to rescind a contract for the purchase and sale of real estate upon the ground of material misrepresentation of facts concerning the condition and location of the land and to require the defendant to return the initial payment.

The bill of complaint failed to allege sufficient facts to warrant the relief prayed in that the bill does not show: (1) that the complainant occupied any such fiduciary relations with the vendor or the vendor's agent as to warrant the complainant in relying without question upon the representations made by either; (2) The bill of complaint does not show that the complainant did not have full opportunity to investigate and determine any and all of the alleged representations made to him. See Pepple v. Rogers, 104 Fla. 462, 140 Sou. 205; Willis v. Fowler, 102 Fla. 35, 136 Sou. 358; Geo. E. Sebring Co. v. Skinner, *et al.*, 100 Fla. 315, 129 Sou. 759.

It is well settled that misrepresentations amounting to fraud that will invalidate a contract must be made by one contracting party to another in reference to a matter affecting the contract. The person to whom it is made must not only consider the false representations to be true, but must be so situated with respect to what is represented that he at the time has the right to rely upon the truth of the representations made. Columbus Hotel Corp. v. Hotel Management Co., 116 Fla. 464, 156 Sou. 893, and cases there cited.

Aside from this, there is substantial evidence in the record to show that the complainant did not rely upon the representations alleged to have been made by the agent of the vendor, but that he employed counsel to investigate the very matters complained of and advised with his attorney so employed about such matters and that the attorney, through some misunderstanding with complainant, did not give the complainant the information desired.

The record further shows that the real facts about which the alleged misrepresentations were made were evidenced by matters of public record to which complainant and his attorney had access equal to that of the vendor.

As to whether or not the alleged misrepresentations were made the record is conflicting. The complainant testified that such misrepresentations were made by the son and agent of the vendor. The son and agent testified that he did not make the representations alleged, but merely gave his opinion and told the vendee what he, the son, thought was an existing condition, but did not state it was a fact.

So it is that, regardless of what angle we may view the matter from, the decree is without error and should be affirmed.

So ordered.

Affirmed.

ELLIS, P. J., and TERRELL and BUFORD, J. J., concur.

WHITFIELD, C. J., and DAVIS, J., concur in the opinion and judgment.

BROWN, J., not participating.