Thomas A. Cassara v. Fred Bowman.

186 So. 514.

Opinion Filed February 7, 1939.

*E. L. Lockhart* and *Sibley, Giblin & Schroeder,* for Appellant;

*James M. McCaskill,* for Appellee.

Buford, J.—The appeal brings for review order dismissing amended bill of complaint.

The suit was for rescission of a lease contract and for judgment requiring refund of moneys paid on the lease. The grounds upon which the right of rescission is based are, in effect three: (1) that the lessor knowingly and wil-

fully misrepresented the amount of profits made on the operation of the hotel during the year or season preceding the lease; (2) that he misrepresented the amount for which he had leased the pent house on top of the premises leased and which were included within the lease, for the year or season preceding the date of the lease; and (3) that the hotel bore a good reputation as a first class hotel when in truth and in fact it did not bear such a reputation.

The lease attached to and made a part of the bill of complaint has two pertinent provisions, One is:

"4. That the said premises shall not be used for any purpose other than that of conducting a hotel of a reputation and character as good as is enjoyed by the said hotel under its present management and in this connection the parties understand and agree that the said hotel enjoys a first class reputation and rating at the present time."

And the other is:

"10. It is understood and agreed that this lease contains the entire contract between the parties and that no oral representations, promises or undertakings and that no act or acts done at or taken pursuant to such oral representations, promises or undertakings shall effect, vary, alter or modify the terms of this lease in any particular where the payment of money is required to be made by the lessee."

By the inclusion of the latter clause the parties agreed that the lease contained the entire contract between the parties and that no oral representations, promises or undertakings, and that no act or acts done at or taken pursuant to such oral representations, promises or undertakings shall effect, vary, alter or modify the terms of the lease.

The lease contained no representations as to the amount or profits made by the owner on the operation of the hotel and no representatons as to the amount for which the pent house had been leased and, therefore, the lessee foreclosed

any right on his part to claim a forfeiture or rescission of the lease because of such oral representations if the same had been made.

With these facts in mind, we are required to determine whether or not the alleged representations as to the character and reputation of the hotel were as represented in the lease and if they were not as represented, then whether or not the lessee is estopped from having relief by rescission because of his opportunity for investigation as to this matter and his failure to investigate. The appellant is shown to have been an experienced hotel operator.

The bill of complaint shows that the lessee was on the ground a stranger to the lessor and that he elected to act upon the alleged representations of the lessor and made no inquiry elsewhere as to the character and reputation which the hotel had acquired and maintained under its operation by the lessor.

Character and reputation are measured by the opinion of the public and not by the opinion of one interested individual. Our knowledge of men and affairs leads to the conclusion that there is nothing more easily acquired by inquiry than is the character and reputation of a hotel and casual inquiry among citizens and residents, business people and frequenters of hotels will easily elicit reliable information as to the character and reputation of any hotel in any city. This is a matter of such common knowledge that all courts must take cognizance thereof.

With these factual conditions in mind, we conclude that the lower court followed the enunciations of controlling legal principles found in Carinadella v. Cartright, 126 Fla. 536, 171 Sou. 225; People v. Rogers, 104 Fla. 462, 140 Southern 205; Willis v. Fowler, et al., 102 Fla. 35, 136 Sou. 358.

It, therefore, follows that the order appealed from should be, and is, affirmed.

So ordered.

TERRELL, C. J., and THOMAS, J., concur.

WHITFIELD, P. J., and CHAPMAN, J., concur in the opinion and judgment.

Justice BROWN not participating as authorized by Section 4687 Compiled General Laws of 1927 and Rule 21-A of the Rules of this Court.