46 So.2d 609 (1950)
GREENBERG
v.
BERGER et al.
Supreme Court of Florida, Division B.
May 26, 1950.
*610 Friedman, Shapiro & Hofmayer, Miami, for appellant.
Thomas B. Everhart, Miami, and Towle & Yunes, Miami Beach, for appellees.
CHAPMAN, Justice.
The question presented by this appeal is whether or not the amended bill of complaint contained equity. It alleged that the parties, on April 28, 1948, entered into a written agreement for the purchase and sale of described property. The plaintiff-appellant purchased from the defendants-appellees an apartment building valued at $120,000.00, subject to three mortgages. The appellant paid thereon cash and property at an agreed value of $30,000.00 and assumed payment of the three mortgages on the apartment. The trade was closed, according to the written agreement between the parties, and appellant went into possession of the property purchased.
It appears that the trade was closed by the parties on May 26, 1948. A bill in equity praying for a rescission of the agreement was filed in the Court below under date of November 24, 1948. The bill of complaint was amended some two or three times prior to the order of dismissal. The gravamen of the amended bill is that the appellees, in the course of negotiations leading up to the execution and delivery of the written agreement, misrepresented a material fact for the purpose of inducing the appellant to act and to his injury,  the misrepresentation, as alleged, consisting of a false and untrue statement as to the amount of the monthly rentals of the several apartments which were under OPA control. The apartment numbers, the actual OPA maximum rental and the yearly rental represented by the defendants-appellees are set forth in the amended bill of complaint. It is conceded that OPA rentals were lifted in the Miami Beach area on February 16, 1949, some three or four months after the bill of complaint for rescission was filed in the lower court. Information was available upon request at the OPA office as to the exact amount of rentals the apartments were approved for. The reason given or assigned by the appellant for not making investigation at the OPA office was that he relied upon the statement as to the amount of the rentals as given by the defendants-appellees. It was the Chancellor's view that the law made it the duty of the plaintiff-appellant to ascertain the facts about the amount of the rentals of the apartments and not depend or rely on the statements or representations of the defendants-appellees. It is true that the law recognizes the right of a trader or dealer "to cry his own wares", but these statements are but mere expressions of opinion and the purchaser is not relieved of the duty and responsibility of an honest and thorough investigation as to the truth of the statements of the trader or dealer. See Hancoy Holding Co. v. Lambright, 101 Fla. 128, 133 So. 631; Glass v. Craig, 83 Fla. 408, 91 So. 332; Hart v. Marbury, 82 Fla. 317, 90 So. 173, and similar cases. What we have said here is not in conflict with out holding in Regnvall v. Sayle, Fla., 45 So.2d 674, because the factual basis of the cases are entirely dissimilar.
Affirmed.
ADAMS, C.J., and SEBRING and HOBSON, JJ., concur.