MATHEWS, Justice.
This case was a suit to rescind an option agreement to purchase an orange grove in Polk County. Ten Thousand Dollars had been paid for the option which was to be credited on the purchase price. The plaintiff in the court below, appellant here, claims that the defendants, appellees here, through their agent and also directly misrepresent facts peculiarly known to them with reference to the orange grove, and that appellant relied upon such representations and that they were false. Appellees denied all material allegations with reference to misrepresentation of facts and the withholding of facts, and further alleged that the appellants had ample opportunity to investigate for himself and did in fact have a man of his own choosing to check the grove, the trees and facts in connection therewith before he signed the option.
As disclosed by the record, the case was determined upon questions of fact. In the final decree, the Chancellor stated:
“The Court has personally heard all testimony in the case, has studied the same carefully and has heard and considered arguments of counsel for the respective parties. Many of the witnesses were interested in the outcome of the case; other witnesses showed bias in their testimony and there was, of course, other testimony of persons free from interest, bias or prejudice.”
The final decree then went into great detail with reference to these'questions of fact and then said:
“Thereupon the Court finds that the plaintiff has failed to prove the material allegations of his complaint by a preponderance of the evidence as a whole; and further, that if Dr. Brown was not fully informed as to^ all pertinent matters relative to his purchase of the grove, this lack of information was not due to any misrepresentation or deceit, intentional or otherwise, of the Cowards, but was due to a ‘careless indifference to the ordinary and acceptable means of obtaining information.’ (Hart v. Marbury, 82 Fla. 317, 90 So. 176).”
The Chancellor then cited the case of Greenberg v. Berger, Fla., 46 So.2d 609, to the effect that where information as to rental was available at an OPA office, the purchaser was not entitled to rely on the vendor’s representations and had the legal duty to ascertain facts himself.
The case of Davis v. Dunn, Fla., 58 So.2d 539, was cited by the Chancellor to the effect that where a purchaser was not denied *175 the right to make an inspection of the property and elected not to do so, rescission of the contract would be denied.
Affirmed upon the authority of Broadway Builders, Inc., v. W. W. Arnold Construction Co., Fla., 59 So.2d 26; Laramore v. Laramore, Fla., 49 So.2d 517; and Smith v. Biscayne Park Estates, Fla., 42 So.2d 442.
ROBERTS, C. J., and TERRELL, THOMAS, SEBRING, HOBSON, and DREW, JJ., concur.