HOBSON, Justice.
Plaintiffs here appeal from a final decree of the circuit court, entered at the conclusion of all the evidence, holding that the equities were with the defendants and dismissing the case.
Appellants .had alleged in their complaint that they had been induced to purchase a hotel from the defendants by a false representation as to the gross income of the hotel. These allegations were denied in the answer filed by the defendants, and when the case was tried the testimony of the parties resulted in a sharp conflict of fact, which the chancellor resolved in favor of the defendants.
Appellants contend that the testimony upon which final decree is based is essentially incredible, but we have reviewed it and we cannot agree. Defendant-appellee Quesnel, who was one of the sellers and the alleged defrauding party, testified unequivocally not only that he made no representations as to the income of the hotel during the year 1953 (the critical period), but also that during the time the plaintiffs-appellants were interested in purchasing the hotel, and before the contract was signed, the records of the hotel were available for examination.
It is fundamental that fraud is never presumed and that the burden of proof is upon the party who asserts it, Biscayne Blvd. Properties, Inc., v. Graham, Fla., 65 So.2d 858. The chancellor was authorized to find upon this record that plaintiffs-appellants failed to fulfill their duty of informing themselves of the true facts regarding the gross income of the hotel from records which were available for their in *707 spection. Greenberg v. Berger, Fla., 46 So.2d 609. And see also Potaker v. Hurtale, Fla., 82 So.2d 502.
Affirmed.
DREW, C. J., THORNAL, J., and GILLIS, Associate Justice, concur.