372 So.2d 506 (1979)
J. Kermit COBLE, Appellant,
v.
James LEKANIDIS, Appellee.
No. LL-38.
District Court of Appeal of Florida, First District.
June 20, 1979.
*507 John R. Godbee, Jr., of Coble, McKinnon, Rothert, Bohner & Godbee, Daytona Beach, for appellant.
J. Lester Kaney, of Cobb, Cole, McCoy, Abraham, Bell, Bond, Monaco & Kaney, Daytona Beach, for appellee.
MELVIN, Judge.
Appellant brings for review the order of the trial court dismissing with prejudice his amended counterclaim filed in a suit brought against him for specific performance of a contract for sale and purchase or real property in Volusia County, Florida, and also seeking damages in excess of the minimum jurisdiction of the court. A copy of the contract for sale and purchase is an exhibit and a part of the complaint. Plaintiff alleged that he had caused the property described in the contract to be surveyed and it revealed an encroachment along the northern property line, such encroachment being a part of a swimming pool allegedly constructed by the neighboring property owner. Plaintiff alleged his demand that the defendant remove the encroachment or that a fair and equitable adjustment of the contract price be determined to compensate the plaintiff for receiving less than what was alleged to have been bargained for under the contract. He alleged that the defendant, Coble, had failed to eliminate the encroachment, and failed to agree on price readjustment. He charged that the defendant had not adequately maintained the buildings and equipment included in the sale since the contract had been executed. The plaintiff demanded specific performance of the contract for sale and purchase and prayed the court to assess a fair and equitable reduction in contract price that it is alleged should be granted by reason of the defendant's failure or refusal to remove the encroachments referred to.
The defendant answered and alleged that the survey obtained by the plaintiff subsequent to the entering into the contract to buy and sell the property did reflect encroachment as alleged by Lekanidis. The defendant further asserted that the plaintiff's demands for price adjustment were unconscionable and that his attempt to arrive at a fair and equitable price reduction with the plaintiff was to no avail. Having thus in substance answered, defendant then counterclaimed for a rescission of the contract. The counterclaim alleged that the plaintiff and defendant had each inspected the property (although not at the same time) and that the plaintiff at the time of *508 the signing of the contract to purchase lived in the apartment building that was located on the described property, the subject matter of the purchase and sale agreement. The counterclaimant further alleged that at the time the agreement was entered into, neither party knew of the existence of any survey of the property and, neither party knew of any encroachment along the northern line. The counterclaimant then alleged that the parties had contracted the purchase and sale of the property "as is." The encroachment, a swimming pool, extended thereon some 10 to 11 feet. In summary, the counterclaimant contended that the lack of knowledge on the part of the buyer and seller with reference to the encroachment constituted a mutual mistake that would justify his seeking rescission of the contract. The court granted the plaintiff's motion to dismiss the counterclaim with leave to amend and the counterclaim having been amended was dismissed by the court with prejudice, it being the view of the court that the amended counterclaim presented no new matter for judicial consideration.
Parties sui juris are privileged to contract as the may desire concerning any legal subject.
While we agree with the trial judge that the matters as alleged in the counterclaim did not constitute a legal predicate for a rescission of the contract, we do not agree that such counterclaim should have been dismissed with prejudice. Under the provisions of Rule 1.110(d), Affirmative Defenses, Fla.R.Civ.P., it is provided that when a party mistakenly designates a defense as a counterclaim the court, on such terms as justice requires, will treat the pleading as if it had been given a proper designation. We construe the matters set forth in Coble's counterclaim and amended counterclaim as affirmative defenses which he was entitled to have an opportunity to establish before a trier of the fact. Under the provisions of the rule referred to, affirmative defenses include estoppel, release, and matters relating to waiver.
In Hopke v. O'Byrne, 148 So.2d 755, at 756 (Fla. 1st DCA 1963) we held:
"... It is basic that in passing upon a motion to dismiss a complaint, all of the well-pleaded allegations of the complaint must be accepted as true. In our court system no privilege is more valuable than the opportunity accorded a plaintiff who has sufficiently alleged in his complaint a cognizable cause of action, to present his evidence in support of those allegations before the appropriate trier of the facts."
See also Thompson v. City of Jacksonville, 130 So.2d 105, at p. 107 (Fla. 1st DCA 1961).
The contract to buy and sell was on a printed form generally used by the Volusia County Bar Association and the Daytona Beach Area Board of Realtors. That statement appears at the bottom of the first page of the contract. Paragraph d of the printed contract relates to the examination of title, provides that the buyer may have the property surveyed at his own expense and that if such survey reveals any encroachments upon the land described or that if any improvements on the land described encroach upon the land of others, upon written notice to that effect, the seller shall have a stated period of time to remove the same. It is then provided that the failure to eliminate such encroachments shall be regarded as a default on the part of the seller. Paragraph d referred to is printed along with many other paragraphs usually found in contracts to buy and sell real estate. Upon a reading of this contract, we find, however, that paragraph 13 is entitled "SPECIAL CLAUSES: TO CONTROL ALL CLAUSES: SEE ADDENDUM ATTACHED HERETO." (emphasis supplied) Those two sentences were typed in the printed form referred to. The first paragraph of the addendum sets forth the legal description of the real estate. The second paragraph, being numbered 13-Special Clauses, provides:
"1. It is understood and agreed between the parties hereto that the property is being sold `as is'."
Bearing in mind that these parties contracted that such clause would control the interpretation of all other clauses contained in *509 the contract, coupled with the allegation that the buyer lived in the apartment house located on the subject real estate and was familiar with the premises, gives entitlement to the defendant Coble to have his misnamed counterclaim considered as affirmative defenses to the action seeking specific performance and reduction in contract price, thus bringing forth for consideration the question of the buyer's possible estoppel to complain as to encroachment and waiver of any right to demand reduction in the contract purchase price.
The order of the trial judge dismissing with prejudice the amended counterclaim is reversed with directions that such pleading be considered as if entitled affirmative defenses. Although the pleading filed by Coble is incorrectly styled as a counterclaim, is not a model pleading to set forth affirmative defenses, it nevertheless contains sufficient allegations of cognizable affirmative defenses to the suit for specific performance and alleged entitlement to reduction in the contract purchase price. He, therefore, is entitled to the opportunity to present his evidence before the trier of the facts. Reversed with directions to proceed in accord with the views herein expressed with leave granted to Coble to file an amended answer as he may be advised.
McCORD, C.J., and BOOTH, J., concur.