453 So.2d 482 (1984)
NO-RISK CHEMICAL CO., INC., a Corporation, Appellant,
v.
Lisa EL-KERDI, Appellee.
No. 83-2085.
District Court of Appeal of Florida, Second District.
July 27, 1984.
Howard J. Hochman, Miami, for appellant.
George Vega, Jr. and Harold S. Smith, II of Vega, Brown, Nichols, Stanley & Martin, Naples, for appellee.
RYDER, Chief Judge.
On September 25, 1977, appellee, Lisa El-Kerdi, offered to buy a piece of real property owned by Duke and Grace Durfee. The written offer contained the following clause, which provided, inter alia, "Upon the understanding that all machinery, equipment, and appliances will be in working order at closing, the property covered by the agreement is acceptable to the buyer in its condition as of the date of this offer." Handwritten in the form contract was the following sentence, "Seller to submit termite inspection report." Mr. and Mrs. Durfee accepted the offer on October 12, 1977, the same day on which appellant, No-Risk Chemical Co., Inc. (No-Risk) submitted a termite inspection report stating that a visual inspection of the property evidenced no termite infestation but that the report was based on a visual inspection only and was not to be construed as a guarantee against termites.
At closing, El-Kerdi received a copy of the termite inspection report and became aware that the house had previously been treated for termites when she received a copy of a subterranean termite contract between No-Risk and the Durfees. Approximately two weeks later, El-Kerdi discovered a termite on the property and contacted No-Risk who treated the house free of charge several times over the next four years until El-Kerdi stopped seeing termites.
*483 El-Kerdi sued No-Risk for breach of warranty and negligence in conducting its termite inspection. At trial, No-Risk's inspector testified that he was familiar with the prior termite problems in the house on his October 12, 1977 inspection and searched the structure for signs of active infestation, but found none. Although there was obvious termite damage to the house after closing, no witness testified that the house was infested with termites on October 12, 1977 when No-Risk made its report. Even the HRS entomologist who inspected the house three months after closing was unable to state that a visible infestation was present on October 12, 1977.
We hold, therefore, that the trial court erred in entering a judgment for El-Kerdi because the record lacks competent, substantial evidence to support the judgment. Holland v. Gross, 89 So.2d 255 (Fla. 1956); Richards v. Dodge, 150 So.2d 477 (Fla. 2d DCA 1963). Furthermore, El-Kerdi may not complain about damage from the previous infestation because she purchased the property "as is" and was informed of the previous infestation at closing.
Accordingly, the judgment entered by the trial court is REVERSED and set aside, and the cause REMANDED with instructions that judgment be entered in favor of No-Risk.
DANAHY and CAMPBELL, JJ., concur.