PER CURIAM.
The appellant, plaintiff below, appeals from a judgment awarding him less damages than those to which he believed himself entitled; the appellees cross-appeal, contending that the appellant was entitled to no damages whatsoever and that instead, they, the appellees, were entitled to a judgment on a promissory note executed by the appellant in their favor. We agree with the appellees and reverse the judgment below with directions to enter judgment for them in the amount due under the promissory note, plus interest, costs and attorneys’ fees called for by the note.
We have diligently examined the record and are unable to find any evidence to support the trial court’s finding that the appellees were guilty of fraud which induced the appellant to enter into the contract to purchase the restaurant in question. Therefore, the appellant’s action to rescind the sale, cancel the note and mortgage executed by him, and for the return of moneys paid by him (all founded on the claim that the restaurant was suitable to serve seated patrons) cannot survive the “integration” clause of the contract, which states that there are “no promises, inducements, assurances, guarantees, warranties, representations, solicitations, either express or implied, oral or written, except those recited and contained herein.” Cassara v. Bowman, 136 Fla. 302, 186 So. 514 (1939) (action to rescind not based on fraud in procurement does not survive integration clause). See Cas-Kay Enterprises, Inc. v. Snapper Creek Trading Center, Inc., 453 So.2d 1147 (Fla. 3d DCA 1984). There being no promise, representation or the like in the written contract that the restaurant was suitable as a “sit down” restaurant, the appellant’s action must fail and the appellees’ action to recover on the note, succeed.
Reversed and remanded with directions.