637 So.2d 363 (1994)
GREEN ACRES, INC. and Lake Worth Road Corporation, Appellants,
v.
FIRST UNION NATIONAL BANK OF FLORIDA, James L. McInerney, Trust Officer; Charles Lantz, Trust Officer; Henry D. Perry, Jr., Margarette W. Perry, Annabel Perry and Thomas C. Perry, Appellees.
No. 93-0759.
District Court of Appeal of Florida, Fourth District.
June 1, 1994.
*364 Paul E. Gifford of the Law Office of Paul E. Gifford, Ft. Lauderdale, for appellant  Green Acres, Inc.
Morris G. (Skip) Miller and J. Kory Parkhurst of Boose Casey Ciklin Lubitz Martens McBane and O'Connell, West Palm Beach, for appellant  Lake Worth Road Corp.
Paula Revene and John R. Hargrove of Heinrich Gordon Batchelder Hargrove & Weihe, Fort Lauderdale, for appellees  First Union Nat. Bank of Florida and McInerney.
Steven A. Mason, Hollywood, for appellees  Perry.
PARIENTE, Judge.
We reverse a dismissal with prejudice of a complaint brought by appellants (purchasers) against appellees (sellers) arising out of a commercial real estate transaction. We find that the court acted prematurely by not giving purchasers a second chance to amend the complaint to state a cause of action.
The transaction involved sixty-three acres of undeveloped commercial property in Miramar, Florida which the purchasers intended to develop as a community of homes. The complaint alleges that shortly before closing, one of the sellers obtained an archeological survey which revealed that the property was:
[T]he site of an ancient Indian campsite which eventually was determined to be the first site in South Florida of the Seminole Tribe, thereby rendering the property of historical and archaeological significance with human remains being located thereon which placed severe limitations on the property and made it undevelopable for the expressed intended purposes of the Plaintiffs to develop the same as a community of homes. The location and size of the protected area(s) could preclude any type of development.
Purchasers contend sellers, who knew of these material facts, intentionally withheld this information.
The trial court dismissed the complaint, finding that caveat emptor still applied in commercial real estate transactions, and additionally, because the complaint did not properly allege privity between purchasers and sellers. Based on the documents attached to the complaint, it does appear that the complaint is amendable to assert privity. However, under the present state of the law in Florida, even intentional nondisclosure of known material facts in a commercial real estate transaction is not actionable. Compare Johnson v. Davis, 480 So.2d 625 (Fla. 1983). The complaint does not allege a misrepresentation, active concealment or other scheme for creating a false impression which would be required to set forth a cause of action for fraud in a commercial real estate transaction.
Purchasers contend that they should have been granted leave to amend to set forth a cause of action based on exceptions to caveat emptor. Exceptions arise: 1) where some artifice or trick has been employed to prevent the purchaser from making independent inquiry; 2) where the other party does not have equal opportunity to become apprised of the fact; and, 3) where a party undertakes to disclose facts and fails to disclose the whole truth. See Ramel v. Chasebrook Constr. Co., Inc., 135 So.2d 876, 882 (Fla. 2d DCA 1961) and cases cited therein. Based on purchasers' concessions at oral argument, we fail to see any factual basis upon which the exceptions could be predicated.
Alternatively, purchasers argue that they should have been allowed to plead a contractual breach arising from the nondisclosure, based on specific contractual language in the actual documents which they allege creates a contractual duty to disclose. Sellers concede the contract language is ambiguous. We agree we cannot shut the courthouse door in this instance without giving purchasers an opportunity to amend. While "three strikes" may not be the law *365 regarding opportunities to amend before dismissing a complaint with prejudice, purchasers should be afforded a second chance here. See Gamma Dev. Corp. v. Steinberg, 621 So.2d 718 (Fla. 4th DCA 1993); Balcar v. Ramos, 595 So.2d 308 (Fla. 4th DCA 1992); Delia & Wilson, Inc. v. Wilson, 448 So.2d 621 (Fla. 4th DCA 1984).
In addressing the caveat emptor barrier, purchasers assert that when the Florida Supreme Court abolished caveat emptor in residential real estate transactions, it implicitly extended the same duty to disclose known facts materially affecting the value of property to all real estate when it held:
[W]here the seller of a home knows of facts materially affecting the value of the property which are not readily observable and are not known to the buyer, the seller is under a duty to disclose them to the buyer. This duty is equally applicable to all forms of real property, new and used.
Johnson v. Davis, 480 So.2d 625, 629 (Fla. 1985). We do not agree that Johnson extended the duty to disclose to commercial real estate transactions. Two sister courts have expressly declined to extend the duty to sales of commercial real property. Mostoufi v. Presto Food Stores, Inc., 618 So.2d 1372 (Fla. 2d DCA), rev. denied, 626 So.2d 207 (Fla. 1993); Futura Realty v. Lone Star Bldg. Ctrs., Inc., 578 So.2d 363 (Fla. 3d DCA), rev. denied, 591 So.2d 181 (Fla. 1991).
The first district, however, has concluded that the duty should be extended to commercial real estate transactions, recognizing that investors run the gamut from small businesses to large corporations and that individuals who buy real estate vary widely in their experience, knowledge, sophistication, bargaining power, wealth and access to outside advisers and experts. Haskell Co. v. Lane Co., Ltd., 612 So.2d 669 (Fla. 1st DCA), rev. dismissed sub nom. Service Merchandise Co., Inc. v. Lane Co., Ltd., 620 So.2d 762 (Fla. 1993). The first district traced the roots of the caveat emptor doctrine opining that "there is little justification for continuing to draw a distinction between transactions involving residential real property and transactions involving commercial property." Id. at 675. While the first district expressed a desire to extend a duty to disclose known material facts to commercial transactions, it recognized the appropriate procedure was to certify the question to the supreme court which it did. Unfortunately the supreme court did not answer the question.
In light of our decision to reverse, which grants purchasers leave to amend to allege an express breach of contract, this case is not in a procedural posture to consider certification. Therefore, it would be inappropriate at this time to consider whether Johnson should be extended to commercial real estate transactions with any additional limitations on the duty to disclose such as size of property, nature of the investment or type of the allegedly material omitted fact. We expressly do not reach this issue. Accordingly the order of dismissal is reversed and purchasers shall be granted leave to amend their complaint in accordance with this opinion.
REVERSED AND REMANDED.
POLEN and FARMER, JJ., concur.