652 So.2d 411 (1995)
Mark C. WASSER, Appellant,
v.
Michael SASONI and Anna Sasoni, his wife, Appellees.
No. 94-1761.
District Court of Appeal of Florida, Third District.
March 8, 1995.
Rehearing Denied April 19, 1995.
Kenney Burd & Markowitz, and Joseph W. Downs, III, Miami, for appellant.
Steven Friedman, Pembroke Pines, for appellees.
Before NESBITT, BASKIN and GERSTEN, JJ.
*412 GERSTEN, Judge.
Appellant, Mark C. Wasser (Wasser), appeals a summary judgment in favor of appellees, Michael and Anna Sasoni (Sasonis). We affirm.
Wasser contracted to purchase a 67-year-old apartment building from the Sasonis. The contract contained a standard inspection clause, and provided that the apartment building was being sold "as is." The contract also contained an integration clause providing:
"It is expressly understood and agreed that, unless otherwise provided for herein, premises are being sold in their present condition; that all agreements are merged herein; and that there are no other agreements, representations statements or warranties, express or implied, oral or written, of any kind on which the undersigned has relied unless reduced to writing and attached hereto as part hereof."
After the purchase, Wasser had the building inspected and was advised that it needed structural repairs. Wasser then sued the Sasonis, essentially claiming that they made affirmative misrepresentations, and failed to disclose certain alleged defects. The trial court granted summary judgment in favor of the Sasonis, and Wasser filed this appeal.
The record reveals that Wasser failed to plead any actionable specific misrepresentations of fact. Indeed, Wasser did not meet the Sasonis until after the purchase contract had been negotiated and signed. Therefore any statements the Sasonis made thereafter would be irrelevant.
In any event, the Sasoni's statements that the building was "a very good building" requiring "normal type of maintenance," and "an excellent deal," were clearly statements of opinion. A seller's "puffing" or statements of opinion do not relieve a buyer of the duty to investigate the truth of those statements and do not constitute fraudulent misrepresentations. See Lambert v. Sistrunk, 58 So.2d 434 (Fla. 1952); Greenberg v. Berger, 46 So.2d 609 (Fla. 1950); Glass v. Craig, 83 Fla. 408, 91 So. 332 (1922); Hart v. Marbury, 82 Fla. 317, 90 So. 173 (1921); Keating v. DeArment, 193 So.2d 694 (Fla. 2d DCA), cert. denied, 201 So.2d 549 (Fla. 1967).
Moreover, several courts, including this court, have recently stated that even an intentional nondisclosure of known facts materially affecting the value of commercial property, is not actionable under Florida law. See Green Acres, Inc. v. First Union Nat'l Bank of Fla., 637 So.2d 363 (Fla. 4th DCA 1994); Mostoufi v. Presto Food Stores, Inc., 618 So.2d 1372 (Fla. 2d DCA), review denied, 626 So.2d 207 (Fla. 1993); Futura Realty v. Lone Star Bldg. Ctrs. (Eastern), Inc., 578 So.2d 363 (Fla. 3d DCA), review denied, 591 So.2d 181 (Fla. 1991). In other words, the doctrine of caveat emptor, or "buyer beware," is still the common law rule applied to purchasers of commercial property.
Although the doctrine of caveat emptor was abolished in residential real estate transactions, Johnson v. Davis, 480 So.2d 625 (Fla. 1985), this court has specifically found that Johnson did not extend a duty to disclose to commercial transactions, and thus did not "change the long line of case law establishing caveat emptor as the rule in the sale of commercial property." Futura Realty, 578 So.2d at 364 (citing Conklin v. Hurley, 428 So.2d 654 (Fla. 1983)).[1]
Assuming arguendo that false representations had been made, a misrepresentation is not actionable where its truth might have been discovered by the exercise of ordinary diligence. See Steinberg v. Bay Terrace Apartment Hotel, Inc., 375 So.2d 1089 (Fla. 3d DCA 1979); Welbourn v. Cohen, 104 So.2d 380 (Fla. 2d DCA 1958).
We recognize that exceptions to the general rule could exist under certain circumstances, for example, where specific misrepresentations regarding a latent defect are *413 made to a negligent purchaser. See Besett v. Basnett, 389 So.2d 995 (Fla. 1980); Fry v. J.E. Jones Constr. Co., 567 So.2d 901 (Fla. 5th DCA 1990). However, there is no exception where the parties are equally sophisticated, and have an equal opportunity to discover a defect. As noted in Besett, a negligent purchaser is not justified in relying upon a misrepresentation which is obviously false, and "which would be patent to him if he had utilized his opportunity to make a cursory examination or investigation." Besett, 389 So.2d at 997 (quoting from Restatement (Second) of Torts § 541 (1976)). See also Greenberg v. Berger, 46 So.2d at 610 (no grounds for misrepresentation; purchaser has duty to investigate truth of statements); Gonzalez v. Patane, 234 So.2d 8 (Fla. 3d DCA 1970) (no cause of action for misrepresentation; purchasers failed to exercise diligence to discover readily available information).
Wasser was a sophisticated buyer who had a full and fair opportunity to inspect and formulate his own opinion as to the condition of the building. Moreover, Wasser agreed to the "as is" and integration clauses, which are recognized as valid defenses to claims of fraud, particularly where, as in the instant case, there are no allegations or evidence that the contract itself was induced by fraud. See Cassara v. Bowman, 136 Fla. 302, 186 So. 514 (1939); Ortiz v. Orchid Springs Dev. Corp., 504 So.2d 510 (Fla. 2d DCA 1987); Weiss v. Cherry, 477 So.2d 12 (Fla. 3d DCA 1985), review denied, 488 So.2d 69 (Fla. 1986); No-Risk Chem. Co. v. El-Kerdi, 453 So.2d 482 (Fla. 2d DCA 1984); Coble v. Lekanidis, 372 So.2d 506 (Fla. 1st DCA 1979).
In conclusion, a sophisticated purchaser of commercial property who agreed to an "as is" purchase contract, had ample opportunity to conduct inspections, and could have discovered an alleged defect through the exercise of ordinary diligence, may be disgruntled, but does not have a cause of action for fraud. Finding no genuine issue of material fact that no affirmative misrepresentations or deceptions were made, we affirm the trial court order granting the Sasonis' motion for summary judgment. See Futura Realty, 578 So.2d at 363; Pieter Bakker Management, Inc. v. First Fed. Sav. and Loan Ass'n, 541 So.2d 1334 (Fla. 3d DCA), review denied, 549 So.2d 1014 (Fla. 1989); Welbourn v. Cohen, 104 So.2d at 380.
Affirmed.
NOTES
[1] Interestingly, in an apparent attempt to avoid the application of Futura, Wasser initially argued that the rental building was not commercial property, and thus the Sasonis did have a duty to disclose defects under Johnson. We find such an argument disingenuous and agree with the trial court's conclusion that the apartment building was in fact commercial property. Paraphrasing the words of the trial court, if it sounds like a basset hound, talks like a basset hound, and walks like a basset hound, you know it's got to be a basset hound.