DAUKSCH, Judge.
This is an appeal from a judgment in which the trial court ordered that a conveyance of real property from appellants to appellees be rescinded based upon a mutual mistake. The court also awarded appellees damages in the amount of $20,418.94 and prejudgment interest in the amount of $9,456.43.
Appellees filed a complaint against appellants for rescission and cancellation of a contract for sale and purchase of a parcel of real property which they bought from appellants. Appellees alleged in their complaint that their primary reason for acquiring the property was to build a single-family home. Because the application and enforcement of Chapter 403, Florida Statutes (1993) [Environmental Control] had prohibited them from realizing their purpose for buying the property, they alleged that they had entered into the contract for sale and purchase based upon a mutual mistake. Alleging that they had no adequate remedy at law, appellees requested rescission and cancellation of the contract and to be restored to the position held by them before their execution of the instrument.
In their answer to appellees’ complaint, appellants admitted that appellees owned the property but denied knowledge as to the remaining allegations. They also alleged that the property could be used for a single-family home. Additionally, they asserted the following affirmative defenses: 1) appellees had been given ample opportunity before the contract had closed to investigate and determine whether the property was suitable for development but had not done so; 2) they were aware when they contracted to buy the property that the ground was low and needed fill; 3) they were also aware of the wetlands on the property; 4) laches barred them from relief because they were aware of their alleged inability to use the property for its intended purpose as early as 1988 but had not initiated suit until 1991; 5) they had ratified the contract by making the mortgage payments; 6) appellants could not be restored to the status quo because they could have developed the property before it was sold in 1988 but could not presently do so because of a wetlands ordinance adopted by Volusia County in 1989.
Following a trial, the trial court found that appellees were entitled to rescission of the conveyance of real property from appellants based upon a mutual mistake. The court reasoned that the DER regulations in effect in 1988 at the time the parties signed the contract for sale and purchase had prevented appellees from using the property as a residence as contemplated by the parties to the contract. Accordingly, the court entered a *365 final judgment in favor of appellees in the amount of $20,418.94 with prejudgment interest in the amount of $9,456.43.
We reverse. Based upon our review of the evidence presented at trial, we find that the trial court’s judgment is not supported by competent, substantial evidence. The record conclusively refutes the trial court’s conclusion that DER prevented appellees from using the property to build a single-family home. At trial, Carroll Godwin, a state registered land surveyor, testified that he had denoted DER’s wetlands jurisdictional line on a survey of appellees’ property but admitted that he did not know who was responsible for marking the trees, the location of which he had relied upon in establishing the line. Godwin additionally testified that there was not enough land outside of the line to accommodate the square footage needed to mitigate or replace the disturbed wetlands needed to build a home and a road. His opinion, however, was based upon the assumption that DER’s jurisdiction over the property had been established.
Donald Medellin, previously employed by DER as a permit processor, testified that he had made a wetland determination of appel-lees’ property based upon existing vegetation. He unequivocally testified, however, that DER’s jurisdiction over the area had never been established because of appellees’ failure to provide it with additional information which it had needed to make the determination. Specifically, it had needed information pertaining to the twenty-five-year, twenty-four-hour period of discharge of the storm water retention pond into the St. Johns River, the location and size of culverts and the location of fill. Because appellees had failed to provide DER with this information, it had been unable to determine whether the wetlands on the property were directly connected to a water source. Without the connection, DER would not have had jurisdiction over the property. Thus, a final jurisdictional determination was never made.
Assuming appellees’ proposed project had been feasible, Medellin provided further testimony as to how a property owner can offset adverse impacts to wetlands with a mitigation proposal whereby the owner creates wetlands based upon the amount of wetlands impacted by the project. Emphasizing, however, that any testimony as to this matter was purely hypothetical because of DER’s failure to determine how many acres of wetlands would be impacted by appellees’ project, he reiterated that the issue of whether DER had jurisdiction over appellees’ property was “still to be determined.” Medellin testified finally that a jurisdictional determination is not final until DER actually issues a permit. The remaining testimony at trial did not contradict Medellin’s testimony.
The trial court’s conclusion that “I don’t think that this property could be used for residential purposes as contemplated by the parties” is therefore not supported by clear and convincing evidence. See Rosique v. Windley Cove, Ltd., 542 So.2d 1014 (Fla. 3d DCA 1989) (party seeking rescission of instrument must prove right to relief by clear and convincing evidence); Harris v. Harris, 260 So.2d 854 (Fla. 1st DCA 1972) [relying upon 5 Fla.Jur. 252, Cancellation, Reformation, and Rescission of Instruments, § 54] (same). Thus, DER’s failure to approve appellees’ wetland resource application for the construction of a house and access road on the basis of their failure to provide it with the additional information which it requested is not a mutual mistake entitling them to relief. See Coble v. Lekanidis, 372 So.2d 506 (Fla. 1st DCA 1979) (court agreed with trial court that lack of knowledge on part of buyer and seller as to ten-to-eleven foot swimming pool encroachment upon property was not a mutual mistake entitling defendant to rescind contract). Accordingly, the final judgment in favor of appellees is reversed.
REVERSED.
PETERSON, C.J., and ANTOON, J., concur.