727 So.2d 299 (1999)
DELUXE MOTEL, INC., Harish A. Patel, et al., Appellant,
v.
Natverlal K. PATEL & Kalavati N. Patel, Appellee.
No. 97-2830.
District Court of Appeal of Florida, Fifth District.
February 12, 1999.
Harry Hackney of Harry T. Hackney, P.A., Tavares, for Appellants.
Fred Morrison of McLin, Burnsed, Morrison, Johnson, Newman & Roy, P.A., Leesburg, for Appellee.
PER CURIAM.
This is an appeal from a summary judgment foreclosing a purchase money mortgage and awarding a money judgment on an unsecured promissory note.
The sellers, N. Patel and K. Patel, his wife, sold a motel to Deluxe Motel, Inc., H. Patel and H. Dhutia (hereinafter the buyers) in 1993, taking back a note and mortgage in the amount of $315,000.00 and an unsecured note in the amount of $15,000.00. The sellers sued on the unsecured note when it came due three years after the sale and, in a second count, for the unpaid installments on the mortgage note, but elected not to accelerate the latter.
The buyers filed an answer with affirmative defenses and counterclaimed for rescission and damages for fraud. The buyers alleged, inter alia, fraud in the inducement i.e., that the sellers misrepresented the condition, income, expenses, and profits of the motel for the express purpose of inducing them to enter the transaction and they justifiably relied on the misrepresentations. More specifically, the buyers alleged that the sellers represented (1) that the operating expenses for the motel were $5,165.00 per month, when in actuality they were $8,000.00 per month; (2) that the pool had been repaired recently and was in good condition; (3) that $37,000.00 in repairs had been made to the motel, and that this expenditure was the reason for the 1991 tax loss; (4) that the roof had been replaced recently at a cost of $75,000.00, when it actually was repaired in 1986 at a cost of $17,000.00 to $18,000.00; and (5) that the motel had been "under management" from 1986 to 1991, when in fact the *300 motel had been sold to another party who deeded it back to the sellers in lieu of foreclosure.
The sellers filed an amended complaint seeking acceleration and foreclosure of the mortgage given by the buyers in addition to their damage claims. Based upon an affidavit attesting to the facts alleged in their amended complaint, the sellers moved for summary judgment. In opposition, the buyers provided an affidavit attesting to the facts alleged in their answer, affirmative defenses, and counterclaim.
At the hearing the sellers argued that they were entitled to summary judgment because: (1) whether the motel previously had been sold or was under a management contract was immaterial; (2) the allegations about the pool were immaterial given the monetary size of the transaction, and any defect in the pool could have been discovered by an inspection; (3) there was no showing that the statement of costs given by the sellers to the buyers was false, because the mere fact that the buyers incurred greater costs when they operated the motel does not necessarily show that the statement was false; (4) the economic loss doctrine precluded relief for the buyers; (5) an "as is" clause and an integration clause in the contract preclude relief for the buyers. These arguments were more expansive than those contained in the written motion for summary judgment, which, fairly read, only argued as grounds for summary judgment the "as is" and integration clauses in the purchase contract.
The trial court entered summary final judgment for the sellers, and this appeal ensued.
The summary judgment entered below was based primarily on two paragraphs in the sale contract. Regarding the integration clause the contract provides:
U. OTHER AGREEMENTS. This Contract sets forth the entire understanding of the parties hereto and there are no other agreements or representations, prior or present, which shall be binding on Seller or Buyer unless specifically included in this Contract. Any prior or present representations, negotiations or agreements between the parties which are not specifically set forth herein are deemed to have merged herein and are extinguished hereby to the extent not contained herein. This Contract may not be amended in any manner other than by written instrument signed by all parties hereto, and no other modification (whether oral, by course of conduct or otherwise) shall be binding on any party.
The "as is" clause provides:
M. CONDITION OF PROPERTY: Buyer acknowledges having inspected the Property personally, prior to signing this Contract. Based on the inspection, BUYER AGREES THAT HE IS PURCHASING THE PROPERTY, REAL AND PERSONAL, IN ITS AS-IS CONDITION, AND THAT ALL WARRANTIES OF ANY NATURE WITH REGARD TO THE PHYSICAL CONDITION OF THE PROPERTY, WHETHER ORAL OR WRITTEN, EXPRESSED OR IMPLIED, AND WHETHER OF HABITABILITY OR FITNESS FOR A PARTICULAR PURPOSE, OR OF ANY OTHER NATURE WHATSOEVER, INCLUDING BUT NOT LIMITED TO ANY EXPRESSED OR IMPLIED WARRANTIES AGAINST CONDITIONS NOT READILY APPARENT, ARE HEREBY WAIVED BY BUYER AND DISCLAIMED BY SELLER. (Emphasis in original).
The parties to this appeal cite two Florida Supreme cases which seem to be pertinent to the issue but are at odds with each other. In Cassara v. Bowman, 136 Fla. 302, 186 So. 514 (1939), cited by the sellers, a lessee sued for rescission of lease and a lessor had misrepresented the profit he had made during the year preceding execution of the lease. The lease contained an integration clause representing that it contained the entire contract between the parties and that no oral representations, promises, undertakings or acts had been done or taken that could vary, alter or modify the terms of the lease in any manner. The supreme court found that the integration clause in the lease foreclosed any right on the part of the lessee *301 to claim a forfeiture or rescission of the lease because of any oral representations preceding the execution of the lease.
On the other hand, in Oceanic Villas, Inc. v. Godson, 148 Fla. 454, 4 So.2d 689 (1941), the lessee sought to rescind a 99-year lease, and alleged that the lessor procured the execution of the lease by false and fraudulent representations of fact as to the gross earnings of the property over certain designated periods before the time of the entering into the lease. The lessor, on the other hand, claimed that the lessee was estopped to allege fraud because of the following clause of the lease:
It is distinctly understood and agreed that the Lessee herein accepts the property herein leased and demised in its present condition, being governed by its own personal inspection of the premises, and in executing this lease it has not been governed or influenced by any representations of the Lessors as to the age and condition, or character of improvements situated upon said property, or as to the earning capacity thereof, and Lessee is guided in making this lease in accordance with the present terms only by its own judgment and without any influence, representation, fraud or duress of any nature on the part of the Lessors, and that the Lessee herein shall under no circumstances assert or maintain any claims for damages against the Lessors by reason of any present or future condition of improvements or buildings, if any, situated upon the above described property, and that no verbal agreements, stipulations, reservations, exceptions or conditions whatsoever have been made or entered into in regard to the above described property, which will in any way vary, contradict or impair the validity of this lease, or of any of the terms and conditions herein contained.
In Oceanic Villas, the supreme court rejected the lessor's estoppel argument and held that if the lease was procured by fraud and misrepresentation as to a material fact, the truth or falsity of which was known only to the lessor, then that fraudulent misrepresentation vitiated every part of the lease and the lessee was not bound by the quoted clause. The Oceanic Villas opinion did not meaningfully distinguish its prior opinion in Cassara, merely stating that there were factual differentiations.
We cannot reconcile Cassara and Oceanic Villas. In both cases the lessees sought to have contracts rescinded based on misrepresentation regarding the previous incomes of the properties. Cassara seems to have held that where the merger clause states that there were no representations other than those written in the contract, a party waives reliance on any misrepresentations not in the contract. In Oceanic Villas, however, the court seemed to say that fraudulent representations are waived only if the contract so states in explicit fashion. We conclude that Oceanic Villas overruled Cassara sub silentio.
The other arguments advanced by the sellers, which were also advanced below, should not be considered. As pointed out by the buyers, Rule 1.510(c), Florida Rules of Civil Procedure, requires the movant to "state with particularity the grounds upon which [the motion] is based and the substantial matters of law to be argued." This rule is designed to prevent "ambush" by allowing the nonmoving party to be prepared for the issues that will be argued at the summary judgment hearing. The City of Cooper City v. Sunshine Wireless Co., 654 So.2d 283 (Fla. 4th DCA 1995). Accordingly, the trial court erred to the extent that, in entering judgment for the sellers, it relied on the arguments made at the hearing but not in the motion. See Gulf Insurance Co. v. Stofman, 664 So.2d 1083 (Fla. 4th DCA 1995).
REVERSED and REMANDED for further proceedings consistent with this opinion.
COBB, THOMPSON and ANTOON, JJ., concur.