PER CURIAM.
Agrobin, Inc., (“Agrobin”) appeals a summary judgment in favor of Botánica Development Associates, Inc. (“Botánica”). We affirm.
Andrew Robinson formed a corporation, Agrobin for the purpose of purchasing a condominium apartment unit. Agrobin then contracted with Botánica to purchase a condominium on Key Biseayne. The contract contained an “as is” clause and the standard inspection clause. Agrobin claims that the property was bought as a vacation home. However, it is undisputed that Agrobin also rented out the condominium.
Two years later, the owners of the unit immediately below Agrobin’s roof terrace sued Agrobin and Botánica for damages caused by leaks to their apartment. Agro-bin filed a cross-claim against Botánica for contribution, indemnity and fraud, claiming that Botánica failed to disclose the known leakage problem based on Johnson v. Davis, 480 So.2d 625 (Fla.1985). The trial court granted summary judgment on the cross claim.
In Johnson v. Davis, the Florida Supreme Court abolished the doctrine of caveat emptor on the sale of new or used homes. See Johnson, 480 So.2d at 629. Johnson did not extend the duty to disclose to commercial transactions. See Wasser v. Sasoni, 652 So.2d 411 (Fla. 3d DCA 1995); Green Acres, Inc. v. First Union Nat’l Bank of Fla., 637 So.2d 363 (Fla. 4th DCA 1994); Futura Realty v. Lone Star Bldg. Ctrs., Inc., 578 So.2d 363 (Fla. 3d DCA 1991).
As previously noted by this court, “a sophisticated purchaser of commercial property who agreed to an “as is” purchase contract, had ample opportunity to conduct inspections, and could have discovered an alleged defect through the exercise of ordinary diligence, may be disgruntled, but does not have a cause of action for fraud.” Wasser, 652 So.2d at 413.
Here, the property was purchased by a corporation for a commercial venture. Under these circumstances, the seller did not have a duty to disclose. Accordingly, the trial court properly entered summary judgment in favor of Botánica.
Affirmed.