MARSTILLER, J.
In June 2007, the parties to this appeal entered into a contract whereby Appellee Peacock Point, LLC (“Peacock Point”) agreed to sell Appellant Thomas J. Dug-gan, LLC (“Duggan”) a six-lot waterfront subdivision in Destín, Florida, for $3.2 million. The sale arose from an auction conducted by Appellee John Roebuck & Associates of Florida, Inc. (“Roebuck”), and the contract indicated that the seller was selling the property “as is.” In January 2008, Duggan sued Appellees, seeking to rescind the contract because the lots were not, as Appellees allegedly represented, immediately ready for residential construction. The city would not issue building permits until the development obtained a certificate of completion. Ruling against Dug-gan, the circuit court found that although the parties made a mutual mistake of fact, “i.e.[J that at the time of the auction, houses could immediately be constructed on the lots[,]” Duggan failed to establish that the contract did not put the risk of mistake on him.
On appeal, Duggan argues that the lower court erred by failing to rescind the contract based on either (1) Appellees’ misrepresentation, whether fraudulent or innocent; (2) Appellees’ failure to make full disclosure, despite the “as is” provision; or (3) mutual mistake of fact. For the following reasons, we conclude that the court did not abuse its discretion in denying rescission of contract. See Rawson v. UMLIC VP, L.L.C., 933 So.2d 1206, 1210 (Fla. 1st DCA 2006) (applying abuse of discretion standard of review to order denying rescission).
First, the evidence supports the court’s finding that no fraud occurred because neither Peacock Point nor Roebuck knowingly made a false statement of material fact. See generally Yost v. Rieve Enters., Inc., 461 So.2d 178, 182 (Fla. 1st DCA 1984) (setting forth elements of fraudulent representation claim). Peacock Point’s representative, Mike Sims, believed, albeit mistakenly, that the lack of a certificate of completion was no impediment to obtaining building permits for the lots in the subdivision.
Duggan asserts that an innocent misrepresentation nonetheless can justify rescinding a contract. Indeed, “misrepre *285 sentation of material facts, although innocently made, if acted on by the other party to his detriment, will constitute a sufficient ground for rescission and cancellation in equity.” Held v. Trafford Realty Co., 414 So.2d 631, 632 (Fla. 5th DCA 1982) (quoting Langley v. Irons Land & Dev. Co., 94 Fla. 1010, 114 So. 769, 771 (1927)). Pertinent to this case, “the purchaser of business property is entitled to rely on the truth of the seller’s representations even though the falsity could have been ascertained had the buyer made an investigation!;.]” Yost, 461 So.2d at 182 (citing Besett v. Basnett, 389 So.2d 995, 998 (Fla.1980)). But this is so only if the buyer did not know the representations were false, the falsity was not obvious to him or her, and the seller, as owner of the property, had superior knowledge of the condition of the property. Id. Here, the trial court determined the seller did not possess such superior knowledge, finding that “Mr. Duggan is a sophisticated developer and so he certainly had a great deal of knowledge regarding developments.” The representation pertained not to some latent defect in the land, but to the existence of the necessary permits and approvals to allow construction on the lots — matters of public record, as were the development order and plat. In light of these facts, the trial court did not err in denying rescission of the contract for fraudulent or innocent misrepresentation. See Gonzalez v. Patane, 234 So.2d 8 (Fla. 3d DCA 1970) (upholding summary judgment against property purchasers seeking rescission of contract where purchasers relied on real estate broker’s incorrect estimate of property taxes and “failed to use even the slightest diligence to determine the amount of the taxes when the information was readily available”).
Second, the evidence shows no actionable failure on Appellees’ part to disclose a material fact. The duty to disclose imposed on sellers in residential real estate transactions does not similarly apply to commercial property sellers. See Solorzano v. First Union Mortgage Corp., 896 So.2d 847, 849-50 (Fla. 4th DCA 2005), and cases cited therein. Duggan argues that when he inquired whether the lots had all city approvals and if they were “buildable,” and Mike Sims, through Roebuck, answered affirmatively, such “disclosure” triggered Sims’s duty also to disclose the lack of a certificate of completion. See Ramel v. Chasebrook Constr. Co., 135 So.2d 876, 882 (Fla. 2d DCA 1961) (stating that one without the duty to disclose nonetheless must disclose the whole truth if he or she undertakes to disclose any facts). Citing Green Acres, Inc. v. First Union National Bank of Florida, 637 So.2d 363 (Fla. 4th DCA 1994), Duggan asserts further that Sims’s disclosure of some of the facts “vitiated” the “as is” provision in the contract. But Green Acres did not involve an “as is” provision and does not stand for the proposition Duggan advances. In that case, the appellate court reversed the dismissal of a commercial property purchasers’ complaint so they could amend “to plead a contractual breach arising from the nondisclosure, based on specific contractual language in the actual documents which [the purchasers] allege creates a contractual duty to disclose.” Green Acres, 637 So.2d at 364.
Under the “as is” clause in the contract Duggan signed, the property seller, Peacock Point, and its agent, Roebuck, disclaimed “any warranties or representations of any kind or character, expressed or implied, with respect to the property, including, without limitation ... habitability, design, quality, merchantability, condition, environmental status, matters of survey or fitness for any particular purpose[.]” The provision further states, “Buyer has conducted such investigations *286 and inspections of the Property as it deemed necessary and/or appropriate and shall rely upon same.” As the Third District stated in Wasser v. Sasoni, 652 So.2d 411, 413 (Fla. 3d DCA 1995), “a sophisticated purchaser of commercial property who agreed to an ‘as is’ purchase contract, had ample opportunity to conduct inspections, and could have discovered an alleged defect through exercise of ordinary diligence, may be disgruntled, but does not have a cause of action in fraud.”
Finally, the circuit court correctly concluded that the “as is” provision placed on Duggan the risk of mutual mistake on a matter central to the contract. To prevail on a claim for equitable rescission based on mutual mistake, “a plaintiff must not only prove mutual mistake regarding a basic assumption underlying the contract, but must also establish ‘that the contract did not put the risk of mistake on the party seeking rescission.’ ” Rawson, 933 So.2d at 1210 (quoting 27 Richard A. Lord, Williston On Contracts, § 70:69, at 415 (2003)). “(A]n ‘as-is’ clause in the contract stating that the sale is made ‘as-is, where-is and with all its faults’ assigns risk to the buyer, as do disclaimers of any warranty or guarantee concerning the property.” Id.
Duggan attempts to distinguish Rawson, arguing that the contract in that case was fully executed, whereas the contract here remained executory because, after discovering the fact of the mutual mistake, he “promptly elected to rescind before the transaction closed.” He relies on Musselwhite v. Oleson, 60 Fla. 342, 53 So. 944, 949 (1910), in which the supreme court stated that “[tjhere is a clear distinction between executed and executory contracts, as to the right of rescission of a contract.” But the sentence in the opinion following that statement reads: “Ordinarily in the case of executed contracts a vendee cannot rescind a contract on the mere ground of a defect in title; but it is otherwise in the case of an executory contract.” Id. (emphasis added). Thus, Musselwhite appears inapplicable to the facts in the instant case, and Duggan cites no further authority for his contention. We conclude that the “as is” provision in Duggan’s contract placed on him the risk of mistake, regardless of whether the contract was executory or fully performed when the mistake was discovered. The lower court correctly denied rescission for this reason.
AFFIRMED.
ROWE and SWANSON, JJ., concur.